## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

MARTIN J. WALSH, Secretary of Labor,　　　）
United States Department of Labor,　　　　　）
　　　　　　　　　　　　　　　　　　　　　）
　　　　Plaintiff,　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　　　）
v.　　　　　　　　　　　　　　　　　　　　）  Civil Action No.:
　　　　　　　　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　　　）
MINNESOTA LIVING ASSISTANCE, INC, and　）
DOROTHY MUFFET, an individual,　　　　　）
　　　　　　　　　　　　　　　　　　　　　）
　　　　Defendants　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　　　）

## COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain the defendants MINNESOTA LIVING ASSISTANCE, INC., d/b/a/ Baywood Home Care, ("Baywood") and DOROTHY MUFFET, individually,  (collectively, "Defendants") from violating Sections 207, 211, 215(a)(2) and/or 215(a)(5) of the FLSA and to recover unpaid compensation, plus an equal amount in liquidated damages pursuant to Section 216(c) of the Act (29 U.S.C. § 216(c)) for Defendants' employees.

The Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Secretary's investigation reviewed Defendants' employment and pay practices from the period from at least as early as July 9, 2018 until September 1, 2020. Unless stated otherwise, all allegations and conditions described herein pertain to the period from July 9, 2018 to September 1, 2020.

**Jurisdiction and Venue**

1.      This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2.      This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

**Defendants**

3.      Defendant BAYWOOD, a Minnesota corporation, conducts business within this Court's jurisdiction with an office at 6465 Wayzata Blvd., Minneapolis, MN 55426.

4.      BAYWOOD is a home care company that employs home care workers who work in the homes of sick and elderly clients, often employing workers who "live in" with clients for 24-hour shifts ("'live in' employees").

5.      Defendant MUFFET has actively managed and supervised BAYWOOD'S operations and its employees during the Investigation Period.

   a.   MUFFET has hired and fired "live in" employees.

   b.   MUFFET has set "live in" employees' work schedules.

   c.   MUFFET has set "live in" employees' pay rates.

6.      MUFFET has acted directly or indirectly in BAYWOOD'S interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

7.      During the Investigation Period, Defendants engaged in business within HENNEPIN County, within this Court's jurisdiction.

8.      The FLSA Applies to Defendants. BAYWOOD is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

2

9.      BAYWOOD employs domestic service employees who provide home healthcare services, which affects interstate commerce under the FLSA. 29 U.S.C. § 202(a).

10.     BAYWOOD is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

## FLSA Violations

### *Overtime Violations*

11.     Defendants repeatedly and willfully violated Sections 207 and 215(a)(2) of the FLSA when they failed to pay their employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek.

12.     Defendants routinely subtracted 8 hours from each "live in" employee's 24-hour shift for sleep and break time, deeming 16 hours of each shift to be compensable work time.

13.     Defendants generally knew by the outset of a workweek how many 24-hour shifts a "live in" employee would be assigned in a given week.

14.     Instead of paying "live in" employees on an hourly basis, Defendants promised, and paid, each "live in" employee a fixed "day rate."

15.     Defendants made and maintained their payroll records which recorded hourly rates of pay as if Defendants paid on an hourly basis.

16.     However, Defendants did not pay "live in" employees on an hourly basis, but rather paid a day rate.

3

17.     This day rate did not vary based on the amount of overtime hours a "live in" employee worked in a given workweek.

18.     Defendants calculated a purported regular hourly rate of pay – so that such a "regular rate" appeared on their payroll documents, as well as an "overtime rate" - by multiplying the promised "live in" day rate by 7 days, then assuming a "live in" employee would work 112 hours per week.

19.     However, this fixed day rate for "live in" employees did not include overtime compensation.

20.     For example, when a "live in" employee worked fewer than 112 hours per week, Defendants paid those employees  "bonuses" to "raise" the employee's day rate to the promised day rate, therein maintaining a fixed "day rate" of pay regardless of how many overtime hours an employee worked in a given workweek.

21.     These "bonuses" were not given as an addition to wages because of extra or exceptional efforts, nor as a gift.

22.     Rather, these "bonuses" were regular wages to which employees were entitled pursuant to their agreement with Defendants about daily rates of pay for "live in" work.

23.     Therefore, Defendants' "live in" employees did not receive overtime premiums at one-and-one half each employee's regular hourly rate of pay even when employees worked in excess of forty hours in a workweek. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

*Recordkeeping Violations*

24.     Defendants repeatedly and willfully violated Sections 211 and 215(a)(5) of the FLSA when they failed to keep complete and accurate records. 29 U.S.C. §§ 211, 215(a)(5), 29 C.F.R. Part 516.

25.     Defendants failed to preserve records of the number of hours each employee worked in a single workweek (instead only preserving records of the hours worked during each two-week pay period).

26.     Defendants failed to accurately record each employee's accurate regular hourly rate of pay.

27.     Defendants failed to properly record each employee's accurate overtime rate of pay.

**Remedies Sought**

28.     As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA  after the investigation period, then Defendants may owe additional back wages and liquidated damages to employees.

29.     Defendants may also owe additional back wages and liquidated damages to their employees whose identities the Secretary does not currently know.

30.     Moreover, Defendants repeatedly and willfully violated Sections 207, 211, 215(a)(2) and/or 215(a)(5) of the FLSA, because Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct.

31.     Specifically, Defendants acted willfully when they persisted in paying "live in" employees at fixed day rates without regard to the Act's overtime and record-keeping requirements.

32.     Defendants' records did not show "live in" employees' total hours on a weekly basis, instead listing hours only every two-week pay period.

33.     Defendants have a history of litigation over their failure to correctly pay overtime that predates the investigation leading to this complaint.

34.     Especially given this litigation history, Defendants' failure to correctly pay overtime – or even lawfully record the number of hours an employee worked in a given workweek - demonstrates reckless or knowing disregard for the requirements of the FLSA's overtime and recordkeeping provisions.

35.     Because Defendants repeatedly and willfully violated the FLSA, the Secretary is entitled to recover back wages and liquidated damages for a three-year period. 29 U.S.C. § 255(a).

### Prayer for Relief

As a result of Defendants' repeated and willful FLSA violations, the Secretary respectfully requests this Court enter an Order:

A.     Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 207, 211, 215(a)(2) and/or 215(a)(5) and of the FLSA. 29 U.S.C. § 217(a).

B.     Finding Defendants liable for unpaid overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Secretary. 29 U.S.C. § 216(c).

C.     If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

D.      Providing such other relief as may be necessary and appropriate.

E.      Awarding costs and granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

_____/s_Lindsey Rothfeder____
LINDSEY ROTHFEDER
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
(312) 353-0890
Rothfeder.lindsey@dol.gov
NY Bar # 4593471

*Attorneys for Plaintiff Martin J. Walsh,
Secretary of Labor, United States Department
of Labor*